Good afternoon, Your Honors. May it please the Court, I am John Parker, counsel for the plaintiff below, the appellant here, Lonnie Patterson. This case is an appeal of a grant of a motion for summary judgment entered by a federal district court after the motion was filed by the defendant, the City of Yuba City, in this case. When the city moved for summary judgment, in their motion papers and in their motion itself, they said that the first, fifth, and sixth causes of actions should be dismissed based on the collateral estoppel doctrine, based on findings from Mr. Patterson's prior criminal proceedings. We believe that is the case in front of the court of appeals today. We believe that collateral estoppel should not attach. Sotomayor, which causes of action are you still trying to pursue here? Well, we believe that the district court did not have grounds to dismiss the first, fifth, and sixth causes of action. But in the district court, you didn't really respond to the first – was it the first and fifth? The false arrest, clearly, you're pursuing, but it's not at all clear that you're pursuing anything besides that. The only basis that the defendants offered on that particular issue of the first and fifth causes of action is collateral estoppel. And so it's our position that to the extent we defeat collateral estoppel, we win not just as to false arrest and imprisonment, but also as to the Fourth Amendment and the IEED claim. Is that what you told the district court? Your Honor, I was not present at the hearing. I don't think there was a hearing on this matter. That's not the way the district court thought. The district court entered an order granting collateral estoppel on false arrest and contended that we did not meet that argument as to the first and fourth. Based on the motion itself that was filed by the defendants, there's no separation between Fourth Amendment claim and IEED claim as to whether or not collateral something other than collateral estoppel would defeat those claims. So that's our argument. All right. Okay. But I agree. What about false arrest? We know that's clearly in front of us. Absolutely. So as to false arrest. But isn't the finding at the preliminary hearing that there was probable cause to arrest your client? No, Your Honor. The finding at the preliminary hearing was that there was probable cause to go forward with the prosecution. Go forward with the prosecution. That's correct. And under the. Why isn't that the same thing? Well, under the Schmidlin case, the Schmidlin v. City of Palo Alto, a 2007 California court of appeals case, it is definitively not the same thing. Well. That court says that the earlier standard of McCutcheon, which essentially argued that any time there's a preliminary hearing, your false arrest claim is out. How about HALP, one of our cases? Well, under the HALP case, you know, what I would look at instead is the Wiege case. Why would I not look at HALP? Well, the HALP did not say that McCutcheon should apply instead of the Schmidlin case. Well, McCutcheon came after HALP. Well, it did. It did. So I would say that a court of appeal or a district court here should apply the most recent California court of appeal law, which would be Schmidlin. And to the extent Schmidlin disagrees with how Schmidlin controls. That's not quite correct. We'd look to see what the California Supreme Court would do. I apologize, Your Honor. We believe that the district court should have applied the standard in Schmidlin. And I can go through the factors even in McCutcheon to explain why we think collateral estoppel shouldn't apply. Fundamentally, the court of appeal, the trial court in deciding that preliminary hearing is not deciding whether or not the officers at the time had probable cause to arrest the defendant. And that's exactly what the trial judge did. I'm just reading the transcript and that's what the trial judge says. The trial court in the criminal proceeding was weighing whether or not there was enough evidence for the case to go to the jury, not whether or not the officers had probable cause to arrest. Well, at the preliminary hearing, the magistrate judge. Right. Sure. Right. That's right. And the magistrate judge in this circumstance can't resolve questions of credibility or conflict of the evidence. Sure they do. Well, here, the Mr. Patterson's defense counsel explicitly made a tactical choice not to present evidence from Mr. Patterson or from other witnesses to contest the testimony of the defendants. He vigorously cross-examined, was it the sergeant who testified on behalf of him? He vigorously. The sergeant, I think, had prepared the police report, but the sergeant could not get up there and testify as to what he had learned, and then he was vigorously cross-examined, and then the prosecutor, the DA, called another witness who was actually there, and he was vigorously cross-examined. But the question here, though, if we're going to go back to that. And there was some discrepancy on whether the officers were able to – how the officers were able to observe your client as he was – as he was in the doorway. Right. And that was the issue that was pursued to some extent at the preliminary hearing, as well as the Section 1118 motions filed to dismiss the case in the criminal proceeding. But here, you know, under Schmidlin, under this tactical exception that McCutcheon would apply, even if we're in the world of McCutcheon rather than Schmidlin, if you've got a situation where a witness – one makes a tactical choice not to call witnesses to contradict testimony, which is exactly what Mr. Santana did in the criminal proceeding by not calling Mr. Patterson, by not calling witnesses to contradict. I'm – I'm chuckling because I don't know a defense attorney that would, at a preliminary hearing, that would call their client. Well, I mean, that's – there's the rub, isn't it? Because there creates this – this conflict between the Fifth Amendment and the fact that even if you're acquitted, you will never be able to pursue a preliminary – a claim for false arrest, because that's essentially what the rule that the city of Yuba would like to apply and have the Ninth Circuit affirm today, that effectively you can never, ever bring a claim for false arrest, even if ultimately a jury acquits you, simply because there's a preliminary hearing where you can't testify, it would be foolish for you to testify, and where you're not actually out there litigating the functional question of whether or not you – in this case, you raised a gun at these officers. Here, there's a load of evidence. We've presented a genuine fact under Rule 56. That genuine – the general dispute, I mean. That genuine dispute is Mr. Patterson testifies that he never raised his gun. That genuine dispute is one of the officers testified that she didn't see a gun. Then she later said, well, I must have seen a gun. An impeachable statement, which was his successful defense in the criminal proceeding. Another officer said they never saw him exit the house. This is a general dispute of material fact that was never litigated. Those questions were never litigated in the underlying criminal proceedings. The other piece of circumstantial evidence is that, unlike his fiancée, who was shot and killed in her doorway, naked, holding a shotgun, without having exited the building, she was killed. Mr. Patterson was not. I'd submit that if these officers were so trigger-happy as to kill his fiancée, they would have shot him if he had raised his gun. We think that under Rule 56a, we've presented a genuine dispute, and the collateral estoppel shouldn't apply, because if it applies here, contrary to the reasoning in Shimlin, it doesn't apply anywhere. We think we've met the exception to the McCutcheon factors of collateral estoppel by the tactical choice not to have Mr. Patterson testify, not to call witnesses to contradict the officers, and as well by the fact that, you know, we have specifically alleged that the officers were lying at the preliminary hearing, which puts us in the bad-faith exception. You would agree, would you, if the issue has been resolved, if we were to disagree with you or affirm the district court on this ruling, that the false arrest claim is gone. Isn't that right? If we were to disagree with you? No, if we were to affirm the district court's determination here, that collateral estoppel applies. I agree that collateral estoppel is the question before the court. Yes, that's the basis of our appeal. I want to reserve just one minute of time. I want to mention here that, you know, if you look at McCutcheon at 101, it's at which is cited by the Riege case at 1186, it specifically says if the arresting officer lied or fabricated evidence, if the plaintiff pleads that, pleads a lie, we're in the world of bad faith and an exception to collateral estoppel. Thank you. Let's open the other side. Good afternoon. John Whitesides for Appalooie City of Yuba City. The first question that you asked the opposing counsel was, did you contest these other claims, the first and the fifth, in the district court? And his answer was, well, not directly but by implication because we're making this argument against collateral estoppel and if that argument works, then it works across the board. That's actually contrary to what happened in the district court. In the district court, there was no opposition to the first or fifth because the only argument that was made was that probable cause was irrelevant to false arrest and therefore false  arrest. So that was the only argument that they made to the district court. So it's not the case that those other claims are still in play. What happened is when the district court's order comes out and points out the direct statutory ground for why probable cause does negate false arrest liability, they then switch gears. And now we've got a whole new argument that collateral estoppel shouldn't apply because there's a split in authority and you should follow Schmidlin versus McCutcheon and that there's a fabrication exception because of lying and there's a tactical choice exception. None of these arguments were made in the district court. Now if we- Was the IIED based on, was it based on the false arrest or the search or something else? I'm sorry. What was your question? What was the IIED claim based on? What facts? The false arrest facts? The search facts? There was no search, so it was the false arrest. That was the only thing that was involved was his arrest. Well, then what was the first cause of action? I thought that was a search claim. The first, there was not a search claim. The first cause of action, let's see, it's in the supplemental- Oh, well, we can look it up. Never mind. Okay. Wasn't it, wasn't it, was it excessive? No. I've got it. First cause of action was the Fourth Amendment seizure claim. So the federal seizure claim. That's what I meant. Okay. Fourth Amendment search and seizure, whatever. Right. So they didn't challenge that probable cause would negate the Fourth Amendment claim, but they tried to take the position that under state law, it was irrelevant. So that's why they didn't file any opposition on the 1983 claim or the other tort claim because they were distinguishing them from their state law false arrest claim. Okay. If we then proceed- Why, why- I'm not following this. How can we ignore Smidlen as a change of subject in a way? Meaning, it seems to me that Smidlen's right. And now, I understand that I'm required to follow California law, and I've got a choice between McCutcheon and Smidlen. But Smidlen says, in the circumstances of a preliminary hearing, the defendant basically is never going to testify. You're going to get testifying from the government's witnesses, and based on that testimony, the judge will find probable cause or not. The ordinary prerequisite for collateral estoppel is actually litigated and decided, or a full and fair opportunity to present evidence. Well, that's not actually litigated and decided in the ordinary sense, where we basically know the defendant is never going to present his side of the story in the preliminary hearing. Well, I understand that as a- Why isn't Smidlen right? I'll answer the philosophy part of your question first, and then do the precedential part. The philosophy of collateral estoppel isn't whether or not you actually argue a point. It's whether you have the ability to. No. No, it is. Under the United States Supreme Court and the California Supreme Court, it is the opportunity to present evidence, to cross-examine. And as was pointed out earlier, that opportunity was availed here. They did heavily cross-examine. They presented documentary evidence affirmatively. I understand that. And so- But let me interrupt just a minute. Okay. But the only witnesses who are appearing are the State's witnesses, and there's lots of reason for the other percipient witness, that is to say the potential criminal defendant, who's now the civil plaintiff, not to testify. I mean, if a criminal defense lawyer tells his client to testify at the preliminary hearing, he's got rocks in his head. I understand that. But he can still call other witnesses. And in this case, who are those going to be? They could have called other officers at the scene. The other officers were not there to witness. The other witness was the girlfriend who was killed by the officer. No, no, no. The two witnesses were the sergeant and the officer who arrested him. Those were the two witnesses. Well, we got the two. But you said they could call other witnesses. Who are they? There were three other officers there. And where were they at the time? Were they percipient witnesses? Yes. They were not right there on the doorway. Yes, no. One was the one who knocked on the door, who said to the sergeant, he pointed the gun at me. That was Officer Elestra. So she was there, could have called her. And then they had another officer who was off to the side, who didn't see the gun. But the point remains that all of those officers are going to be testifying on behalf of the State. It would be absurd to think that I'm going to get contrary testimony once we've got two officers saying this. The real witness who's going to contradict is never going to testify. Well, it's ironic that you say that, Your Honor, because that was exactly the argument they made at trial, was that the officers had contradicted each other. Yeah, yeah. But the point remains that the primary percipient witness is the person, did he have the gun? He says, I either did or didn't. I either raised the gun or I didn't. And he's prevented, effectively prevented, from testifying. Well, I mean, he's not prevented by any rule of law. He's choosing not to for the tactical reasons you articulated. That's not really a meaningful opportunity to contend with. Which is one of the exceptions in McCutcheon. Even if we were to decide McCutcheon should apply rather than Schmidline, there are three exceptions set forth in McCutcheon. That's one of them. One is incorrect evidence being submitted at the preliminary hearing, which is claimed here in terms of what Officer Alestra said. And one is a tactical reason for not presenting evidence at the prior proceeding, which might be the tactical reason that one doesn't put one's client on the stand at a preliminary hearing in a criminal case. By that logic, though, then, from what Judge Fletcher said, we would never have collateral estoppel come out of a prelim because, exactly. So then Hopt is wrongly decided, and McCutcheon is wrongly decided. Well, McCutcheon is relying on Hopt, but McCutcheon is a California case. Ninth Circuit law isn't binding on California, nor is it binding on us. What's binding on us is what we think the California Supreme Court would do faced with McCutcheon and Schmidline. But it's not just McCutcheon and Schmidline, because after both cases comes a third case, Green. Green follows McCutcheon. So we now have two published intermediate decisions that are favoring the view of Hopt. And the other thing that we have that is significant is that this case is unusual. It doesn't just involve the prelim. It also involves the two motions for acquittal at trial that are made based upon conflicting or insufficient evidence that are denied. And certainly there's no tactical reason to not put on a vigorous defense at trial. So that's another thing that separates this case from the garden variety case where there's only a prelim, is that you have the trial judge twice finding there's sufficient evidence to go to the jury. Could you talk about the exception that incorrect evidence has been presented at the preliminary hearing in the light of, I think it's Officer Lester who said at one occasion that Patterson didn't have a gun and then later it was discovered, I think, after the prelim that she said he must have had a gun because I saw his arm go up and down. Yes. It was Officer Williams. Okay. Officer Williams did not testify at the prelim, nor did either of the witnesses who did testify base their testimony on any statement from her. So let's assume for the moment. But she wasn't called. Here's someone who's given inconsistent testimony, one of which is exculpatory, who isn't called at the prelim. But the – I understand what you're saying, that she could have been called. That gets back to my original point. Then the defendant, Mr. Patterson, could have called her for that exculpatory evidence. That's my question. I'm not sure it was known at that time. Maybe you can tell me if the record reflects whether he knew that at that – whether those inconsistencies. Yes. He had access to the district attorney interviews. So those existed and were disclosed to the defense prior to the prelim. How do we know that? Is there a record site for that? Maybe you could send it in later. Yes. I'll look for that in the preliminary hearing transcript. The other point is that the point that you're talking about is not material, because he admitted he had a gun in his hand. He admitted he had a gun pointing downward. What the officer says is he was pointing it at them. No, Williams didn't say that. That was Elestra. What Williams said was, I didn't see a gun in his hand. But he admits he had a gun in his hand. So her statement really isn't relevant, because he's admitting he has the gun in his hand. The issue was, did he draw it and point it, or did he keep it down? She didn't make a statement about that one way or the other. This occurs to me. We've got three California court of appeal decisions. We've got Schmidlin, we've got McCutcheon, and we've got Green. Should we seek to certify this to the California Supreme Court? I mean, this is an important question. It must come up from time to time, maybe even a lot. You certainly have that prerogative. I would point out, though, that there's not a true split in authority, because the statement in Schmidlin is dicta. Schmidlin didn't involve a prelim. It involved a motion to suppress. Its musing about prelims was completely irrelevant to its decision, which didn't involve a prelim. So I don't think you truly have a split in authority in California. You have two published decisions that are following a Ninth Circuit decision. And all the district court decisions, as we pointed out in our brief and in the Rule 28J letter, both published and unpublished, have followed McCutcheon. Not one has followed Schmidlin. Now, I realize you're not worried about what other district courts do. But it's significant because it shows, A, that they tend to view this as dicta, B, that they don't view it as persuasive. But I'm trying to figure out, of course, and their job is to try and figure out what is the law in California, and the Intermediate Court of Appeal can give us a pretty good idea, but they're incapable of really giving it to us. We need to hear from the Supreme Court of California. And it just strikes me as wrong that you can get collateral estoppel effect out of a hearing in which the key witness, the defense, is effectively prevented from testifying. I would go back to what I said earlier, Your Honor. Let's suppose that you're correct and that the Supreme Court agrees with you. In this case, you also have the trial rulings. So the result doesn't change in this case because you have the rulings at trial. What were the rulings? Tell me again about the rulings at trial. There were two different motions because there were two trials. Each trial, there was a motion for essentially a directed verdict, a motion to acquit. That seems different, though, than what happens at a preliminary trial. It is, and that's my point. It's different because you can't have a tactical, non-opposition excuse for what happens at trial. And then twice, the trial judge denies these motions and says no, there's sufficient evidence to go to a jury. Were those final? Yes, they are appealable. One was hung, and the other, he was acquitted, right? Right, but we're not talking about what the jury did. I'm talking about what the trial judge did. Well, I. Okay, thank you. Thank you. David, a minute. Your Honor, just a few more points that I'd like to make. I think your sensitivity about the injustice, justice of the situation is borne out by McCutcheon itself. If you apply McCutcheon, as I mentioned earlier, it specifically says if you plead that the arresting officer lied, which clearly Mr. Patterson has done here, collateral estoppel doesn't attach. That's the way you get out from. But a lying is different from saying something that's not true. Well, I guess you could make that distinction. Here, we've got not just Officer Wolfe arresting, saying that he saw a gun. We've got some sort of mixture of the stories as to whether or not Officer Elastra, well, Officer Elastra slips and falls. Why did she do that? She said it was because of the gun. Could have been because of the incline of the grade. We've got Officer Williams changing her story. And I want to note, too, that at the preliminary hearing, if you look at record excerpt page 195, the trial court said, or the magistrate said, we're not going to let you attack the credibility or intent of the officers at this preliminary hearing. So if we can't attack the credibility or the intent of the officers regardless of what's happening, how can we say that this issue has been finally decided at the preliminary hearing? What do you do with the backup argument that we've got findings at trial? By the judge. I agree that the fact that you've moved to dismiss a case under section 1118 does not decide the question of whether or not the officers had probable cause. Those are factually and legally distinct questions. And so since it's not the same question being decided, collateral estoppel can't attach. So the question is, did they have probable cause at the time of the arrest, rather than what's the evidence that emerges at trial? Right, that we're going to let go to the jury. That seems to be a different question. We, the appellant would agree, Your Honor. Are there any other further questions from the court? Okay, thank you very much. Thank you. Lawyers don't really like, clients don't like to hear interesting case, but maybe lawyers do. Parker versus City U of the City submitted for decision. The next case, United States versus Combs et al.
judges: W. Fletcher, Paez, Wilken